## THOMAS WILSFORD v. STATE.

No. A-1516.   Opinion Filed January 18, 1913.

(129 Pac. 80.)

INDICTMENT AND INFORMATION—Defects—Objections to Evidence.
When the defendant enters his plea of not guilty and waits until
after the jury has been impaneled and sworn, and then for the
first time questions the sufficiency of the information by object-
ing to the introduction of testimony on the ground of such in-
sufficiency, the objection should be overruled, if by any reason-
able construction or intendment the information can be sustained.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court;*
*John W. Hayson, Judge.*

Thomas Wilsford was convicted of violating the prohibition
law, and appeals.   Affirmed.

*F. W. Fischer,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty.
Gen., for the State.

PER CURIAM.   This is an appeal from the county court
of Oklahoma county, wherein plaintiff in error was convicted of
the crime of selling intoxicating liquors.   On the 10th day of
October, 1911, in accordance with the verdict of the jury, judg-
ment was rendered, and he was sentenced to be confined in the
county jail for a term of four months, and that he pay a fine
of $400; in default of the payment of the fine the same to be satis-
fied by further confinement as by law provided.   From this judg-
ment an appeal was properly perfected.

We have carefully examined the record, and our conclusion
is that the assignments of error are not well taken.

It is first contended that the evidence is insufficient to sup-
port the verdict.   Two witnesses testified that the defendant was
present and went with them to the room in the rear, where they

purchased the beer, and that he directed them to pay the negro porter for it.

A certified copy of the internal revenue record was produced, showing payment of the special retail liquor dealers' tax for one year from July 1, 1910. The defendant, testifying on his own behalf, admitted that he had paid the special tax; that he had paid it for the purpose of conducting a place on Reno street, as designated in the revenue stamp, but that he was not the proprietor at 508 North Broadway, where the witness bought the beer; that that place was owned by Tom Sims, and that he had known Sims 25 years, and when he was out of the place and the defendant present he would often sell cigars; that he had left Reno street, and was running a pool hall at 518 North Broadway at that time.

This court has repeatedly held that where there is evidence in the record to support the verdict, and the verdict has been approved by the trial court, this court will not disturb the judgment.

It is also assigned as error that the court erred in overruling an objection to the introduction of testimony, on the ground that the information was insufficient. No demurrer was interposed, and this court has held that when the defendant enters his plea of not guilty and waits until after the jury has been impaneled and sworn, and then for the first time questions the sufficiency of the information by objecting to the introduction of testimony on the ground of such insufficiency, the objection should be overruled, if by any reasonable construction or intendment the information can be sustained. The information was sufficient.

Finding no error in the record, the judgment of the county court of Oklahoma county is affirmed.