## H. A. HARRISON v. STATE.

No. 2519.     Opinion Filed May 15, 1916.

(157 Pac. 707.)

1.  **INDICTMENT AND INFORMATION — Objections—Demurrer— Objection to Evidence.** Objections to the sufficiency of an indictment or information should be taken by a demurrer thereto as provided by our Code of Criminal Procedure (section 5791, Rev. Laws 1910). Our code further provides: ''When the objections mentioned in section 5791 appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment.'' Section 5799, Rev. Laws 1910. Under this provision, if it appears that the facts stated do not constitute a public offense, an objection to the introduction of evidence on that ground is insufficient to raise the question.

2.  **POISONS—Prosecution for Sale—Evidence.** In a prosecution for unlawfully selling cocaine the evidence reviewed, and **held** sufficient to sustain the conviction.

*Appeal from County Court, Payne County;*
*W. R. Jones, Judge.*

H. A. Harrison, convicted of selling cocaine, appeals. Affirmed.

*Weldon & Mitchell,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted in the County Court of Payne county and his punishment fixed at a fine of two hundred dollars under an information which after alleging time and venue charged "one H. A. Harrison, then and there being, did then and there wilfully, intentionally and unlawfully sell and deliver to one George Henderson a quantity of cocaine for about the sum of twenty-five cents, the exact amount of money or consideration therefor being to the county attorney unknown, contrary," etc. The prosecution was conducted under section 6843 Rev. Laws, which reads as follows:

"It shall be unlawful for any person, firm or corporation to sell, furnish or give away any cocaine, alpha or beta eucaine, opium, morphine, codeine, heroin, or any salt or compound of any of said substances, or their salts or compounds, except upon the original written order or prescription of a lawfully authorized practitioner of medicine, dentistry or veterinary medicine, which order or prescription shall be dated and shall contain the name of the person for whom prescribed, or, if ordered by a practitioner of veterinary medicine, shall state the kind of animal for which ordered and shall be signed by the person giving the prescription or order; such written order or prescription shall be permanently retained on file by the person, firm or corporation, who shall compound or dispense the article ordered or prescribed, and it shall not be again compounded or dispensed except upon the written order of the original prescriber for each and every subsequent compounding or dispensing. No copy or duplicate of such order or prescription shall be made or delivered to any person, but the original shall at all times be open to inspection by the prescriber and properly authorized officer of the law: Provided, however, that the above provisions shall not apply to preparations containing opium, morphine, codeine, heroin, or any salt or compound of the foregoing substances, and recommended and sold in good faith; each bottle or package which is accompanied by specific directions for use, nor to powder of ipecac and opium, commonly known as Dover's powder, nor to liniments or oint-

ments when plainly labeled 'for external use only;' Provided, further, that the above provisions shall not apply to the sales at wholesale by jobbers, wholesalers and manufacturers to retail druggists or qualified physicians or to each other, nor to the sales at retail by retail druggists to regular practitioners of medicine or dentistry, nor the sales made to manufacturers of proprietary or pharmaceutical preparations for use in the manufacture of such preparations nor to sales to hospitals, colleges, scientific or public institutions; and Provided, further, that all prescriptions mentioned in this act (section) must be filled by legally registered pharmacists of the State of Oklahoma."

The first assignment of error is that the court erred in overruling the defendant's objection to the introduction of evidence on the information for the reason that the facts stated do not constitute a public offense. In support of this assignment it is argued that the information is insufficient for the reason that it fails to negative the various exceptions contained in said statute.

From the record it appears that the only objection taken or question raised as to the sufficiency of the information was merely the objection interposed when the first witness for the state was called to testify. We think a general objection of this kind is insufficient to raise the question argued. In the case of *Stone et al.* v. *The State,* 12th Okla. Cr. —, 155 Pac. 701, it is said:

"Objections to the sufficiency of an indictment or information should be taken by a demurrer thereto as provided by our Code of Criminal Procedure. Section 5791, Rev. Laws. Our Code further provides:

'When the objections mentioned in section 5791 appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment.' Section 5799 Rev. Laws.

Under this provision, if it appears that the facts stated do not constitute a public offense, an objection to the introduction of evidence on that ground is sufficient to raise the question. However, when the objection to an information for a defect of form

apparent on the face thereof is raised for the first time by objection to the introduction of evidence, it comes too late, and the objection should be overruled if the facts stated constitute a public offense."

It is sufficient to say that the general rule is stated in the case of *Smythe* v. *State,* 2nd Okla. Cr. 286, 101 Pac. 611, 139 Am. St. Rep. 918, wherein this court held that:

"It is only when the exception in a penal statute is so incorporated in or with the enacting clause of such statute as to constitute a material part of the definition or description of the offense that it need be negatived in the information; otherwise it will be a matter of defense. A negative averment to the matter of an exception or proviso in a penal statute is not requisite in an information, unless the matter of such exception or proviso enters into, and becomes a material part of, 'the description of the offense."

It is also contended that the evidence is insufficient to sustain the verdict. For the state W. E. Berrig, deputy sheriff testified that he followed George Henderson into what is known as the North End drug store in the old town of Cushing and saw the defendant pass the two boxes to Henderson and saw Henderson pass the money over to the defendant; that he then went up to Henderson and told him he wanted the dope and Henderson handed him the two boxes of dope, which boxes were produced and properly identified. The evidence shows that one of the boxes contained "coke" and the other morphine.

For the defendant George Henderson was called as a witness and testified that on the day in question he found two boxes with a rubber around them and took them to the defendant to see what they contained and the defendant looked at them and told him one contained "coke" and the other morphine; that the druggist was up in front of the drug store and he could ask him; that he then started out of the door and the deputy sheriff grabbed him and placed him and the defendant under arrest.

As a witness in his own behalf the defendant Harrison testified that his home was at McAlester; that he came to Cushing last August and was driving a team; that he had known Mr.

Abbott, the proprietor of the drug store ten years at McAlester and being out of work Mr. Abbott told him to stay around there and help clean up and sell cigars and tobacco. That on the day of his arrest the witness Henderson came into the drug store and handed him two small boxes and asked him what they contained and he told him that he thought it was morphine and "coke" that he did not sell the boxes to Henderson.

The jury are the exclusive judges of the credibility of witnesses and the weight to be given to the testimony. Under the well settled rule that where there is a substantial conflict in the evidence and where there is evidence in the record upon which the verdict rendered by the jury may be fairly based, as in this case, this court will not reverse the judgment on the ground of the insufficiency of the evidence. Finding no prejudicial error in the record the judgment appealed from is affirmed.