## CARL SEABA v. STATE.

No. A-5376. Opinion Filed Jan. 22, 1926.
(242 Pac. 779.)

Walter Mathews, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty.Gen., for the State.

DOYLE, J. This is an appeal by transcript from the judgment of the district court of Kay county, wherein plaintiff in error was convicted upon a charge of burglary in the second degree, and his punishment assessed at a term of five years in the penitentiary.

The sole question presented by this appeal is the sufficiency of the information to charge a public offense, to wit, burglary in the second degree.

The assignment is based upon the proposition that the information does not sufficiently allege the ownership of the building burglarized, either in fee, as lessee, or otherwise.

The charging part of the information is as follows:

"That on the 9th day of April, 1924, in said county of Kay and state of Oklahoma, one Carl Seaba and J. R. Foley, then and there being, did then and there unlawfully and feloniously break and enter into a certain building and structure, in the nighttime of said day, in which there was no human being at the time of the breaking, to wit, the Richland Methodist Church, a trusteeship, located about one mile west, and four north, of the city of Tonkawa, and there being then and there personal property kept in said building, to wit, lamps, oil cans, song books, and other property, the kind being to your informant unknown, the said property being then and there the property of said church aforesaid, and the said defendants Carl Seaba and J. R. Foley did then and there, with the felonious intent on the part of them to break into and enter said building and structure aforesaid, the manner of the breaking being to the informant unknown, with the felonious intent then and there to take, steal, and carry away said property afore-

said, and to deprive said church of said property, the owner thereof, and the value thereof, and to convert the same to the use and benefit of them, the said Carl Seaba and J. R. Foley."

The record shows that no demurrer was filed to the information; no general objection was taken that evidence should not be received because the information did not charge a crime; and no challenge to the information was presented during the trial.

The question was first raised after verdict by motion in arrest of judgment on the ground that the facts stated do not constitute a public offense.

The function of a demurrer, which was not resorted to by the defendant, is to defeat the information without a trial whenever it appears upon the face thereof that it is subject to one or more of the five objections named in the statute. Code Cr. Proc. § 2608, C. S. 1921.

These objections can be taken only by demurrer, "except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." Id. § 2616.

Both at common law and by statute a verdict cures such imperfection of form in an indictment or information that does not tend to prejudice substantial rights upon the merits. Code Cr. Proc. § 2822, C. S. 1921.

The weight of authority is that the ownership of a building burglariously entered must be alleged in the indictment or information; however an allegation of ownership is sufficient if laid in the lessee or tenant in possession. Simpson v. State, 5 Okla. Cr. 57, 113 P. 549.

Bishop says:

"In burglary ownership means any possession which is rightful as against the burglar." 2 Bishop, Cr. Proc. § 137.

In this class of cases, as in cases of larceny, the necessity for any allegation as to ownership is for the sake of, and as a part of, the description of the offense.

We think that a reasonable construction and intendment of the allegation "the Richland Methodist Church, a trusteeship," is sufficient to allege ownership of the church in the trusteeship. It is sufficient to negative the idea that the defendants at the time of entry had the right to enter, and it is sufficient to show that the entry was a trespass.

It has been repeatedly held by this court that, when the defendant enters his plea of not guilty, and waits until after the jury has been impaneled and sworn, and then for the first time questions the sufficiency of the information by objecting to the introduction of testimony on the ground of such insufficiency, the objection should be overruled, if in any reasonable construction or intendment the information can be sustained. White v. State, 4 Okla. Cr. 143, 111 P. 1010; Edwards v. State, 5 Okla. Cr. 20, 113 P. 214; McDaniel v. State, 8 Okla. Cr. 209, 127 P. 358; Wilsford v. State, 8 Okla. Cr. 535, 129 P. 80.

For the reasons stated, we are of opinion that the information sufficiently charges the crime of burglary in the second degree. It follows that the trial court did not err in overruling the motion in arrest of judgment.

The judgment of the lower court is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.