## BERT CHAMBERLAIN v. STATE.

No. A-6537. Opinion Filed April 20, 1929.
(276 Pac. 507.)

Oscar C. Simpson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county of the crime of pointing a gun, and was sentenced to pay a fine of $50 and to imprisonment in the county jail for three months.

The first error complained of by the defendant is that the information is insufficient to state a crime against the defendant. The charging part of the information reads as follows:

"* * * That heretofore, to wit, on the 2nd day of May, A. D. 1926, in Oklahoma County, State of Oklahoma, Bert Chamberlain whose more full and correct name is to your informant unknown, then and there being, did then and there wilfully, unlawfully and wrongfully commit the crime of pointing a weapon at others, in manner and form as follows, to wit:

"That is to say, the said defendant, in the County and state aforesaid and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully and wrongfully point a shotgun, to wit: A twelve gauge pump shotgun at several persons assembled in a room at the home of Ray Thompson, using threats to do violence on divers persons therein. * * *"

The sufficiency of this information was first questioned in the trial court by objection to the introduction of evidence on the part of the state, after the jury had been duly impaneled and the first witness sworn and placed upon the stand. The statute under which this information was drawn reads as follows:

"It shall be unlawful for any person to point any pistol or any other deadly weapon, whether loaded or not, at any person or persons, either in anger or otherwise." Comp. St. 1921, § 1999.

The contention of the defendant is that the foregoing information fails to charge an offense because it fails to name the person or persons at whom the defendant pointed the shotgun. This information is not skillfully drawn. The information should have contained the further allegation, "in the same transaction," after the words, "using threats to do violence on divers persons therein."

In the case of White v. State, 4 Okla. Cr. 143, 111 P. 1010, this court said:

"All objections as to the sufficiency of an indictment should be presented by proper motions before the defendant pleads thereto. When the defendant enters his plea of not guilty and waits until after the jury has been impaneled and sworn and then for the first time questions the sufficiency of the indictment by objecting to the introduction of testimony, on the ground of such insufficiency, the objection should be overruled, if by any reasonable construction or intendment the indictment can be sustained."

In the body of the opinion the court says:

"Motions of this kind coming after the jury had been empaneled are not looked upon with favor. If the indictment was defective this matter should have been called to the attention of the trial court by proper motions before the defendant entered his plea. This is the reason why the defendant is allowed by statute one day in which to plead. If the defendant enters his plea and waits until the introduction of the evidence to object to the sufficiency of the indictment, the objection should be overruled if by any possible construction or intendment the indictment can be sustained."

It is true that the information in the case at bar is not as full and explicit as it might be; but the allegations are sufficient to inform the defendant as to the nature of the offense charged against him. The offense is described with enough particularity to enable the court to pronounce judgment on the verdict of guilty according to the right of the case, and the record of this conviction would be a complete protection to the defendant against any subsequent prosecution for pointing a shotgun at any person assembled at the home of Ray Thompson at the time and on the occasion referred to in the information.

The defendant alleges other errors, but a careful examination of the record shows them to be without sufficient merit to justify a reversal of the case.

The evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.