## L. L. MORRIS v. STATE.

No. A-7209.   Opinion Filed Oct. 4, 1930.
(292 Pac. 79.)

Warren B. Phillips and J. R. Huggins, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The information upon which the defendant was tried reads as follows:

"Comes now Homer H. Bishop, the duly qualified and acting county attorney in and for Seminole county, state of Oklahoma, and gives the district court of said county and state to know and be informed:   That at and in the county of Seminole and the state of Oklahoma, on the 4th day of September, 1927, L. L. Morris, did then and there wilfully, unlawfully, intentionally and feloniously and by means of a firearm, to wit: a pistol, held in the hands of him the said L. L. Morris, hold up, high jack and rob Jake Myers of the sum of two hundred dollars in good and lawful money of the United States of America, and against the peace and dignity of the state.

"Homer H. Bishop,
"County Attorney."

Defendant demurred to this information on the ground that it does not state facts sufficient to constitute a cause of action against the defendant, which demurrer was by the court overruled.

On appeal the defendant assigns the overruling of his demurrer to such information as his third ground of error committed by the trial court.

Section 1784, C. O. S. 1921, defines "robbery" as follows:

"Robbery is a wrongful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear."

Section 1785, Id., provides:

"To constitute robbery, the force or fear must be employed either to obtain or retain possession of the property, or to prevent or overcome resistance to the taking. If employed merely as a means of escape, it does not constitute robbery."

The information in the case at bar does not contain the essential allegations that the alleged stolen property was taken from the possession of another, or from his person or immediate presence and against his will, and that such taking was accomplished by means of force or fear.

This court has frequently had under consideration the sufficiency of informations in cases of this kind, and has uniformly held informations similar to the one in the case at bar to be insufficient. Ex parte Grant, 32 Okla. Cr. 217, 240 Pac. 759; Ward v. State, 34 Okla. Cr. 296, 246 Pac. 664.

There are numerous cases decided by this court setting forth forms of information which have been held suf-

ficient to charge the crime of robbery with firearms. Wilson v. State, 28 Okla. Cr. 102, 228 Pac. 1108; Dickson v. State, 26 Okla. Cr. 403, 224 Pac. 723; Hill v. State, 19 Okla. Cr. 406, 200 Pac. 253.

County attorneys should prepare their informations with extreme care. There is no excuse for an experienced county attorney filing an information like the one filed in the case at bar. Here he attempts to charge the defendant with a capital offense, without charging either in the language of the statute or in any language of similar import the essential elements to constitute such a crime.

This court has been liberal in its construction of informations and will continue to do so, but it cannot stretch the law to sustain informations such as this one is. If the trial court had examined the information in this case, we are sure he would have sustained the demurrer and thus saved the state the added expense of another trial and hastened the administration of justice.

The defendant contends further that the court erred in forcing him to trial. The record discloses that the defendant was informed against on the 19th day of April, and was arraigned on the 24th of April and entered his plea of not guilty. On the 25th of April the court permitted him to withdraw his plea of not guilty and file a demurrer to the information. On the 30th day of April, when the case was called for trial, the county attorney asked leave to amend the information by charging that the offense was committed on the 4th day of September, 1927, instead of 1928. Permission was granted and the information thus amended. Thereupon the defendant was arraigned and entered his plea of not guilty to the amended information and asked time to prepare for trial. This

the court refused to grant. Defendant then asked for time until 1 o'clock to make his announcement on the call for trial. The court denied this application and forced defendant to trial immediately.

While we have no statute fixing the time defendant should be allowed in which to prepare for trial, yet this court has said that no defendant ought to be brought to trial over his objection within ten days of the date of arraignment. Westbrook v. State, 14 Okla. Cr. 423, 172 Pac. 464; Jacobs v. State, 29 Okla. Cr. 140, 232 Pac. 861.

The requirement that the defendant should be given ten days is not an arbitrary one. The trial court is vested with discretion in such matters, and no case will be reversed for failure to give the ten days, unless it affirmatively appears from the record that the defendant has been arbitrarily brought to trial without sufficient time to make preparation.

Trial courts are to be commended for their zeal in bringing about speedy trials in criminal cases, but in a case like the one at bar, involving a possible death penalty, the defendant should not be rushed into trial, but should be given as much as ten days after his plea has been entered in which to prepare for trial.

For the reasons stated, the cause is reversed and remanded, with directions to the county attorney to file a proper information in said cause, and to the trial court to proceed thereafter with the trial of said cause as set forth in this opinion.

EDWARDS, P. J., and DAVENPORT, J., concur.