## J. E. WHITE v. STATE.

No. A-7257.  Opinion Filed Oct. 11, 1930.
(292 Pac. 369.)

Amil H. Japp, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The evidence of the state was that in the trial of the case of C. B. Gammill, Plaintiff, v. J. E. White, Defendant, then on trial in the district court of Cotton county, this defendant, being the same person as the defendant J. E. White aforesaid, being sworn as a witness on his own behalf, testified in the trial of said cause that he purchased and obtained possession of the cow in controversy from one I. M. Gross at the sale of I. M. Gross, for the purchase price of $7.50 which defendant paid to one F. M. Ray, who was then and there the clerk of the I. M. Gross sale, when in truth and in fact the defendant was not the owner of the cow in controversy and had not purchased the same at the I. M. Gross sale, nor from any other person, and that defendant was not the owner of the cow in controversy at the time of the replevin trial in the district court and had not purchased said cow from I. M.

Gross nor any other person, and knew that such testimony was false at the time he gave it. And that defendant, with full knowledge that such testimony was false, willfully and corruptly gave the same. The evidence of the defendant and his witnesses was that he had purchased the cow in controversy from I. M. Gross, as he had testified, and that such testimony was true and given in good faith.

The defendant first contends that the information does not state facts sufficient to constitute any crime under the laws of the state. The information charges first that the case of Gammill v. White (this defendant) was pending in the district court of the Sixteenth judicial district, and being tried at the town of Walters, in Cotton county and that the court had jurisdiction to try the case and defendant was duly sworn to testify in the case and that an oath was duly administered to J. E. White (this defendant) to testify the truth, the whole truth and nothing but the truth and the information further charges:

"That then and there it became a material question in said case as to who was the owner of said cow and as to where the said J. E. White purchased and obtained possession of said red mottled face cow above mentioned, said cow being the animal in question in said replevin suit; and that then and there the said J. E. White, being a witness duly sworn and testifying as aforesaid, did then and there knowingly, willfully, unlawfully, falsely, corruptly, feloniously and contrary to said oath testify, depose and say in substance and effect that he, J. E. White did purchase and obtain possession of said cow in controversy in said replevin suit as aforesaid, about the middle or a little later in October, 1922, from one I. M. Gross, at the sale of said I. M. Gross, for about $7.50 which he, the said J. E. White paid in currency to one M. F. Ray, who was then and there clerk of the said I. M. Gross sale, whereas in truth and in fact the said J. E. White did not

purchase and did not obtain possession of said cow from said I. M. Gross at the sale of said I. M. Gross for about $7.50 paid in currency to the said M. F. Ray about the middle or a little later in October, 1922, and did not obtain possession of and did not buy nor purchase said cow from the said I. M. Gross at any time whatsoever, and the said I. M. Gross did never own nor claim to own the said animal in question in said replevin suit and the said J. E. White did not buy nor purchase said animal at said 1. M. Gross sale from the clerk of said sale at any time whatsoever nor from any agent of the said I. M. Gross, all of which the said J. E. White then and there, when he so testified as aforesaid well knew, and in all particulars the testimony, statement and declaration so testified and deposed unto by the said J. E. White, were then and there material matter in and to said case of C. B. Gammill, Plaintiff, v. J. E. White, Defendant, No. 2471 a replevin suit as aforesaid, there instituted, begun and heard as aforesaid, and were then and there not true but were false and corrupt, and were then and there believed and known by the said J. E. White to be false and untrue, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state."

Defendant did not demur to this information, but sought to raise the question of its sufficiency after the jury was impaneled by objection to the introduction of any evidence under the information.

This court has repeatedly held that, where the defendant goes to trial and for the first time objects to the information or indictment when the state attempts to introduce testimony thereunder, or upon appeal, or by habeas corpus, the objection should be overruled, if, by any intendment or presumption, the information or indictment can be sustained. Wilsford v. State, 8 Okla. Cr. 535, 129 Pac 80; Harrison v. State, 12 Okla. Cr. 398, 157 Pac. 707; Anderson v. State, 21 Okla. Cr. 193, 207 Pac. 977; Chamberlain v. State, 42 Okla. Cr. 410, 276 Pac. 507.

The information alleges sufficient facts to constitute the crime of perjury, and the court did not err in overruling defendant's objection to the introduction of testimony.

Defendant next contends that the court erred in overruling his demurrer to the evidence, for the reason that the same was insufficient to support the verdict of the jury. The fact that the defendant gave the testimony alleged in the information was not disputed. The information charges that the defendant, knowing the evidence to be false, willfully and corruptly gave the same. The evidence of the state tended to support that allegation. The evidence of the defendant tended to show that the defendant's testimony, which was alleged to be false and perjured, was true. The jury found this issue of the falsity of defendant's testimony and his knowledge of its untruthfulness at the time he gave it, in favor of the state. Defendant cited numerous authorities to support his contention that the evidence must not only be false, but that the defendant must know it is false and must have willfully and corruptly given it. If the state had failed to allege and prove, not only that the evidence was false, but that defendant knew that it was false, and willfully and corruptly gave it, then his contention would be good, but that is not the condition of this record, and therefore the defendant's authorities are not in point.

The case of Campbell v. State, 23 Okla. Cr. 251, 214 Pac. 738, 739, stated the rule to be:

"The material inquiries were: Was the proceeding one in which an oath may by law be administered? Did the party take an oath to testify, declare, depose, or certify truly before any competent tribunal, officer, or person? Did such person willfully and contrary to such oath state a material matter which he knew to be false?"

The case at bar falls squarely within this rule. The court therefore did not err in overruling the defendant's demurrer to the evidence.

Defendant in his brief argues matters outside of the record and unsupported by any evidence, which cannot be considered by this court.

The errors complained of being without merit and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.