## J. B. PAYNE v. STATE.

No. A-8239.   Jan. 9, 1932.
(6 Pac. [2d] 1073.)

White & White, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Okfuskee county of the crime of robbery with firearms, and his punishment fixed by the jury at imprisonment in the state penitentiary for 20 years.

This appeal presents but one question—the sufficiency of the information.   The charging part of the information in substance reads:   That defendant, together with his codefendants, made an unlawful, wrongful, and felonious assault in and upon A. R. Novotny with a certain dangerous weapon, to wit, a pistol, and did then and there threaten to shoot the said Novotny, then and there

putting the said Novotny in fear of immediate injury to his life and person, and did then and there by the use of such force and putting in fear, unlawfully, willfully, wrongfully, and feloniously, and against the will of said Novotny, take, steal, and carry away from the possession of said Novotny certain personal property.

The defendant filed a demurrer to the information which was overruled pro forma by the trial judge. After the jury was impaneled and the state's witnesses had been sworn, defendant objected to the introduction of any evidence for the reason that the information did not state facts sufficient to charge the defendant with a crime or offense against the state of Oklahoma. In passing on this objection the trial court said:

"The particular points now raised in the case at bar by the objection to the introduction of evidence were never pointed out to the court nor called to the attention of the court in the presentation of the demurrer in this case, or otherwise, until presented at this time in the objection to the introduction of evidence; the demurrer presented to the information heretofore being merely a formal presentation and being passed upon by the court accordingly. Unless the court is absolutely convinced that the information is bad, it certainly should not be held bad upon an objection to the introduction of the evidence after a jury has been impaneled and sworn and a witness on behalf of the state is on the stand.

"I think that the proposition urged by the motion; that is, the defects in the information pointed out, raises nice questions and close questions and if they had been raised and pointed out to the court before the jury was sworn, the court would have suggested to the county attorney an amendment to his information, but I am not convinced to that degree of certainty that the defect pointed out, as applied to the language of this particular information, attains such dignity as to justify the court

in sustaining the objection to the introduction of evidence, which would, in effect, hold that the information was fatally defective. I am, therefore, going to overrule the objection to the introduction of evidence and the same is now overruled."

It is the duty of counsel in the trial of a case to fairly present to the court all questions raised by demurrer or other pleadings. Where counsel fails to do this, the rule with respect to pleadings in a criminal case will not be as strictly construed, but rather this court will apply the same rule upon the sufficiency of the information as if the question was for the first time raised upon an objection to the introduction of evidence. Where defendant questions the sufficiency of the information for the first time on objection to the introduction of evidence, this court has held that the objection should be overruled, if, by any intendment or presumption, the indictment or information can be sustained. Wilsford v. State, 8 Okla. Cr. 535, 129 Pac. 80; Harrison v. State, 12 Okla. Cr. 398, 157 Pac. 707; Brashears v. State, 38 Okla. Cr. 175, 259 Pac. 665; Chamberlain v. State, 42 Okla. Cr. 410, 276 Pac. 507.

The particular contention defendant makes is that the information is insufficient because it fails to allege that the property was taken from the person and immediate presence of Novotny. To support this contention defendant cites Slover v. Territory, 5 Okla. 506, 49 Pac. 1009. In that case the charge was that defendant took the property from the person or immediate presence of the person robbed. The particular point upon which the information turned was that the defendant could not tell from the information whether he was charged with taking the property from the person, or from the immediate presence. Even if we were inclined to follow the ruling of the

court in the Slover Case—which we are not—the case is not in point, because the defect complained of there does not exist in the information in the case at bar.

Defendant also cites Ward v. State, 34 Okla. Cr. 296, 246 Pac. 664. The Ward Case is not in point for the reason that the allegation there was that one person was put in fear and the property taken from another.

Defendant also cites Morris v. State, 48 Okla. Cr. 354, 292 Pac. 79, where this court says:

"The information in the case at bar does not contain the essential allegations that the alleged stolen property was taken from the possession of another, or from his person or immediate presence and against his will, and that such taking was accomplished by means of force or fear."

That case correctly states the rule of law, but an examination of the information there condemned discloses that it contained none of the allegations required by the statute to constitute the crime of robbery with firearms.

By the use of the language contained in the information in the case at bar, a person of ordinary understanding would know that the pleader intended to charge these defendants with the crime of robbery by taking from the immediate presence of A. R. Novotny the amount of money alleged to have been taken by the terms of the information.

The allegation that defendants made an assault on Novotny with a pistol and threatened to shoot him, coupled with "did then and there by the use of force and putting in fear, and against his will, take, steal and carry away from the possession of A. R. Novotny certain personal property," is equivalent to saying that such property was taken from the immediate presence of Novotny.

It is not necessary that the information should use the exact language of the statute and allege in specific terms that this money was taken from Novotny's person, or from his immediate presence, but it is sufficient if similar language having the same meaning is employed. An information is sufficient which states the facts clearly and distinctly, in ordinary and concise language, without repetition, and which would enable a person of common understanding to know what was meant. Section 2555, C. O. S. 1921; Star v. State, 9 Okla. Cr. 210, 131 Pac. 542; Reed v. State, 17 Okla. Cr. 662, 191 Pac. 1041; Bard v. State, 23 Okla. Cr. 309, 214 Pac. 939; Morris v. State, 48 Okla. Cr. 354, 292 Pac. 79.

The information in this case is not a model pleading. It could have been made more definite and certain by the use of the words "person and immediate presence," but the language employed was sufficient to enable a person of common and ordinary understanding to know that the parties charged were alleged to have committed the crime of robbery with firearms as defined by the statute. That is all that is required.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.