## JAMES PAUL HICKEY v. STATE.

No. A.-8258. Sept. 16, 1932.
(14 Pac. [2d] 424.)

Tom Wallace, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of the crime of robbery with firearms, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of ten years.

It is contended first that the information is insufficient to charge the offense of robbery by force.

The particular defect complained of by defendant is that the language of the information is not sufficient to charge that the property was taken from the immediate presence and possession of the complaining witness, and further it is not alleged that the taking was against his will.

This court had under consideration practically the same question in Payne v. State, 53 Okla. Cr. 37, 6 Pac. (2d) 1073, and there held that information sufficient.

By the use of the language contained in the information in the case at bar, a person of ordinary intelligence would know that the pleader intended to charge this defendant with taking from the immediate presence and possession, and against the will of W. P. Krueger and Paul Parker, the amount of money alleged in the information to have been taken.

No demurrer was filed to this information. Counsel attempted to raise the question by objection to the introduction of any evidence.

This court has repeatedly held that, where defendant questions the sufficiency of the information for the first time on objection to the introduction of evidence,

the objection should be overruled, if, by any intendment or presumption, the indictment or information can be sustained. Wilsford v. State, 8 Okla. Cr. 535, 129 Pac. 80; Harrison v. State, 12 Okla. Cr. 398, 157 Pac. 707; Brashears v. State, 38 Okla. Cr. 175, 259 Pac. 665; Chamberlain v. State, 42 Okla. Cr. 410, 276 Pac. 507.

While the information is poorly drawn, it was sufficient to charge the offense as against the objection to the introduction of evidence.

It is next contended that the evidence is insufficient to support the verdict of the jury.

Krueger and Paul positively identified the defendant as the person who committed the robbery. The defense was an alibi. This conflict was for the jury, and the evidence amply supports their verdict.

The contentions of the defendant being without merit, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.