### TED JOHNSON v. STATE.

No. A-8402.    Nov. 16, 1932.

(16 Pac. [2d] 263.)

J. Hugh Nolen and W. A. Ratterree, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Okfuskee county of the crime of robbery with firearms, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of five years.

This case arises out of the same transaction as the case of J. B. Payne v. State, 53 Okla. Cr. 37, 6 Pac. (2d) 1073, and Johnnie Gee v. State, 53 Okla. Cr. 383, 12 Pac. (2d) 547.   The defendants Gee, Payne, and Johnson, were jointly charged with having robbed one A. R. Novotny, who was cashier of the First National Bank of Paden.   The information alleges that the robbery occurred on the 20th day of June, 1930, and that the amount taken was $2,180 in silver and currency and $450 in Liberty bonds.   The information was upheld by this court in the Payne Case. The issues in the case at bar are very similar  to  those presented to this court in the Johnnie Gee appeal.   The

officers in the bank at the time of the robbery positively identified this defendant and Johnnie Gee as the ones who entered the bank and actively engaged in the robbery. As in the Gee Case, the defense was an alibi. Numerous witnesses for the defendant testified that on the day and about the hour of the robbery, this defendant was in the city of Stroud, Okla., a distance of about twenty-six miles from the place of the robbery. The evidence of the state and of the defendant presented a clear conflict, which was for the jury. On this conflict they found the issues in favor of the state.

Defendant's first contention is that the case should be reversed because of alleged misconduct of the county attorney during the progress of the trial in asking, on cross-examination of certain character witnesses, certain questions which defendant's counsel contend tended to prejudice the defendant before the jury, and to inflame them against him.

In Bond v. State, 53 Okla. Cr. 224, 11 Pac. (2d) 200, this court had under consideration this question, and there laid down the rule stated in the syllabus in the case at bar.

There is a marked difference between what is proper as to cross-examination of character witnesses and other classes of witnesses. A character witness expresses his opinion of the general reputation or character of a defendant as to a particular trait of character. In cross-examination of such a witness, a wide latitude is allowed to show upon what basis the opinion of the witness is lodged, so that the jury may get the viewpoint of the witness as to the particular character testified about. In order to do this, it has been repeatedly held that questions may be propounded to a character witness as to his having

heard of particular acts of misconduct by defendant prior to the commission of the crime. Stouse v. State, 6 Okla. Cr. 415, 119 Pac. 271; Russell v. State, 17 Okla. Cr. 164, 194 Pac. 242; Carroll v. State, 24 Okla. Cr. 26, 215 Pac. 797.

In People v. Perry, 144 Cal. 748, 78 Pac. 284, it was said:

"Such questions should not be asked by a district attorney in the absence of information warranting a reasonable belief on his part that the fact is as implied by the questions; in other words, the questions should not be asked for the mere purpose of getting before the jury an intimation that the defendant had theretofore been guilty of specific acts of misconduct; and where it is apparent that such is the only object of the questions it is undoubtedly misconduct on the part of the district attorney."

Certain character witnesses of defendant admitted they had heard rumors of matters contained in the questions propounded by the county attorney. Defendant's counsel objected to some of the questions asked, which were sustained and the county attorney admonished by the court not to ask the questions in the form they were being propounded. Some of the questions were proper and, if asked in good faith, defendant was not injured thereby; others were improper and it was error to ask them; but it is not every error that requires a reversal of the case. The county attorney in his zeal to secure a conviction overstepped the boundary set by the California case in some instances; but the court having sustained objections when properly made and having admonished the county attorney to desist from asking such questions, and the jury not to consider them, we are unable to see where the defendant was injured thereby.

This court will not reverse a case for error of this character where the guilt of defendant is as clearly established as in the case at bar.

Defendant complains of other errors, but they are without substantial merit.

The cause is therefore affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.