## LEE LUNSFORD v. STATE.

No. A-8505. April 14, 1933.
Rehearing Denied April 28, 1933.
(21 Pac. [2d] 52.)

W. M. Wallace and Wetzel Welden, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Edna Clary Clark, for the State.

CHAPPELL, J.   Plaintiff in error, Lee Lunsford, hereinafter called defendant, was convicted in the county court of Canadian county of unlawful possession of a still, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The evidence of the state was that the officers with a search warrant searched the place of one Warren, looking for a still; that not finding any there, they went to some school land adjoining, and, in a clump of brush, found a still set up and warm as though recently used; that this still was found at about 10 o'clock in the morning; that the officers concealed themselves and waited for some one to come; that the next day—some time in the forenoon— defendant came to the still, walked around it, feeling of some pipes, shook out a sack, and spread it over the top of one of the barrels; that when the officers arose and called to defendant he started to run, but, after a few steps, halted.

Warren testified that after the officers were at his place, he told defendant that if he had a still down there he wanted him to take it away, and that defendant knew the officers had been there looking for a still.

The defense was that defendant was looking for the still so that he could deliver it to the officers.

Defendant in his brief says:

"The only issue in the case is, Was the defendant in possession of the still at the time he was arrested?"

The fact that defendant came to the still, examined it, and rearranged some of the material; that when halted by the officers he fled when first accosted; and that he was warned by Warren to get the still away from there—was sufficient proof to establish his possession.

Some contention is made that the complaint was insufficient because it did not allege that the still had not been registered as required by law.

Defendant is prosecuted under section 2, c. 42, Session Laws 1923-24, same being section 2608 of the Oklahoma Statutes 1931. He filed no demurrer to this complaint, nor was any objection made to the introduction of evidence on the ground that the complaint did not state facts sufficient to constitute a public offense, nor did he file any motion in arrest of judgment on the ground of the alleged insufficiency of the complaint.

In this court for the first time counsel attacks the sufficiency of the complaint in the brief filed, although no such attack was made in the motion for a new trial filed in the lower court nor in the petition in error filed in this court.

There are numerous decisions of this court holding that where defendant goes to trial without demurring to the complaint or information or objecting to the introduction of evidence, the objection should be overruled if by any intendment or presumption the complaint or information can be sustained. Wilsford v. State, 8 Okla. Cr. 535, 129 Pac. 80; Love v. State, 12 Okla. Cr. 1, 150 Pac. 913; Harrison v. State, 12 Okla. Cr. 398, 157 Pac. 707; Brashears v. State, 38 Okla. Cr. 175, 259 Pac. 665; Chamberlain v. State, 42 Okla. Cr. 410, 276 Pac. 507; McDermott v. State, 35 Okla. Cr. 416, 250 Pac. 810; Payne v. State, 53 Okla. Cr. 37, 6 Pac. (2d) 1073.

Other errors are complained of, but they are not sufficient to require discussion in this opinion.

For the reasons stated, the judgment is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.