### FRED EDWARDS v. STATE.

No. A-365.    Opinion Filed February 6, 1911.

(113 Pac. 214.)

1.  **INDICTMENT AND INFORMATION—Objection on Motion to Exclude Testimony.** Where a defendant pleads to an indictment or information, and goes to trial, and for the first time objects to the information or indictment when an attempt is made to introduce testimony thereunder, the objection should be overruled if by any intendment or presumption the indictment can be sustained.

2.   **INTOXICATING LIQUORS—Maintaining Place for Sale—Sufficiency of Evidence.** For facts sufficient to sustain a conviction for maintaining a place where liquors are kept for sale, see opinion.

3.   **APPEAL—Harmless Error—Admission of Improper Evidence.** Error of the trial court in admitting improper evidence will become immaterial, where the legal and proper testimony in the case conclusively established the guilt of the defendant.

(Syllabus by the Court.)

*Appeal from Blaine County Court; C. E. Malcolm, Judge.*

Fred Edwards was convicted for maintaining a place where prohibited liquors were kept for sale, and he appeals. Affirmed, with. directions.

*I. H. Lookabaugh,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. First. The appellant was arraigned, and pleaded not guilty, and did not offer any objection whatever to the information, until after he was put upon trial and the jury were impaneled and the county attorney attempted to introduce evidence on behalf of the state. He then objected to the introduction of testimony, upon the ground that the information did not state facts sufficient to constitute a public offense under the laws of Oklahoma. This objection was overruled by the court. In the case of *White v. State,* 4 Okla. Cr. 143, 111 Pac. 1010, this court held that when an objection to an information or indictment was presented for the first time upon a motion to exclude testimony, said motion should be overruled, if by any intendment or presumption the information or indictment could be sustained. The White case is decisive of this question. It is true that the information in this case is not quite as full as it might be; but the allegations are sufficient to inform the defendant as to the nature of the offense charged against him. The court, therefore, did not err in overruling the objection made by counsel for the appellant.

Second. The state in this case proved by a great number of witnesses that they had purchased whisky from the defendant at

the place kept by him, and one witness swore that he had seen as many as 10 or 12 barrels of empty whisky bottles at the defendant's place of business at one time. Another witness testified that he had seen lrunken men around defendant's place. It was proved that a barrel one-third full of whisky bottles was found in the defendant's place of business at the time of his arrest. The defendant did not offer any testimony. Even if the court may have committed error in the admission of some of the testimony in this case, the evidence which was entirely legal and proper is absolutely conclusive of the appellant's guilt. It is therefore not necessary to consume time in the discussion of abstract questions of law, which in the light of the legal testimony could not be material to defendant's guilt.

We find no material error in the record, and the judgment of the lower court is affirmed, with directions to the county court to proceed with the execution of the judgment.

ARMSTRONG and DOYLE, JUDGES, concur.