W. M. THOMPSON v. STATE.

No. A-3316. Opinion Filed Sept. 13, 1919. On Rehearing June 7, 1920.

(189 Pac. 1091.)

Appeal from County. Court, Oklahoma County; William H. Zwick, Judge.

W. M. Thompson was convicted of the crime of unlawful possession of intoxicating liquors, and he appeals. Judgment affirmed. Modified on rehearing.

Reardon & Hereford, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. W. M. Thompson was convicted in the county court of Oklahoma county of the crime of unlawful possession of intoxicating liquors, and punishment fixed at a fine of $150 and six months' imprisonment in the county jail. From this judgment he has appealed to this court, and assigns two grounds for reversal of the judgment:

(1) That the court erred in refusing to sustain the motion of the defendant to instruct the jury to return a verdict of not guilty at the completion of the state's evidence, to which action of the court the defendant duly excepted. This assignment of error is based on the contention that it is necessary for the state to allege in the information, and prove, the person or persons to whom the defendant intended to sell the intoxicating liquors with which he was possessed. The information alleges an unlawful intent on the part of the defendant to sell the liquors to others, not naming any parties or party. The contention is without merit. In a prosecution for the crime of unlawful possession of intoxicating liquors with intent to sell same, the particular person to whom, the defendant intended to sell such liquors is not an essential element of the crime. It is sufficient if it appears from the evidence that the defendant had possession of the liquors within the jurisdiction of the court with the intent to sell to any person or persons whomsoever. The authorities of this court to the effect that it is necessary to allege and prove the person to whom a sale of intoxicating liquors is made, or that the name of such person is unknown, are not in point, and are not controlling, as to prosecutions for unlawful possession with intent to sell.

It is contended that the information is defective, in that it does not state facts sufficient to charge an offense against the laws of the state and to sustain a conviction. The information charges the offense as follows:

"In the name and by the authority of the state of Oklahoma, comes now Charles B. Selby, the duly qualified and acting county attorney in and for Oklahoma county, state of Oklahoma, and on his official oath gives the county court in and for said Oklahoma county and state of Oklahoma to know and be informed that heretofore, to wit, on the 5th day of December, A. D. 1917, in Oklahoma county, state of Oklahoma, W. M. Thompson, whose more full and correct name is to your informant unknown, then and there being, did then and there willfully, unlawfully, have in his possession certain intoxicating liquors, to wit, twenty quarts of whisky, with the then and there unlawful intent on the part of him, the said W. M. Thompson, to sell, barter, give away, and otherwise furnish the said intoxicating liquor to others contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Oklahoma. Charles B. Selby, County Attorney,

Oklahoma County, by George M. Callihan, Assistant County Attorney."

In this connection it is contended that the information is defective and deficient, for the reason that it fails to charge that the defendant intended to sell, barter, give away, and furnish the intoxicating liquors to others within the state of Oklahoma. No demurrer was interposed to the information. Objection was urged to the introduction of evidence for the reason that the information failed to charge any offense against the laws of the state. This court has repeatedly held that where a defendant goes to trial, and for the first time objects to the information when the state attempts to introduce testimony hereunder, the objection should be overruled, if by any intendment or presumption the information or indictment can be sustained. Wilsford v. State, 8 Okla. Cr. 535, 129 Pac. 80; McDaniel et al. v. State, 8 Okla. Cr. 209, 127 Pac. 358; Edwards v. State, 5 Okla. Cr. 20, 113 Pac. 214; White v. State, 4 Okla. Cr. 143, 111 Pac. 1010. The information charges that the said W. M. Thompson, in Oklahoma county, state of Oklahoma, had in his possession certain intoxicating liquors, to wit, 20 quarts of whisky, with the then and there unlawful intent on the part of him, the said W. M. Thompson, to sell, barter, give away, and otherwise furnish the said intoxicating liquors to others. It is evident from the allegations contained in the information that the pleader intended to charge the defendant with the unlawful possession of intoxicating liquors in Oklahoma county, state of Oklahoma, with the unlawful intent then and there—i. e.—in said county and state—to sell the same to others.. Such would be the only reasonable construction to place upon the allegations of the information, and, in view of the fact that the defendant failed to interpose a demurrer to the information, such a construction will obtain in this court. The conclusion is reached that the grounds assigned for reversal of this judgment are purely technical and without substantial merit. The judgment is affirmed.

On Rehearing.

Subsequent to the rendition of the opinion affirming the judgment of the county court of Oklahoma county in this appeal, the plaintiff in error, W. M. Thompson, has filed a petition for rehearing, containing a motion and request for a modification of the judgment. The original judgment imposed a fine of $150 and imprisonment in the county jail for a period of 6 months. The Attorney General, in open court, agreed that that part of the judgment imposing imprisonment for a period of 6 months should be modified, to provide imprisonment in the county jail for a period of 60 days, in view of the fact that the plaintiff in error is a man of advanced years and has never heretofore been convicted of crime. Under due consideration, therefore, it is the opinion of the court that the ends of justice will be best subserved by a modification of the original judgment to provide a fine of $150 and imprisonment for a period of 60 days, and the judgment is thus modified, and, as so modified, is affirmed.