## JOHN H. BROWN v. STATE.

No. A-5276.   Opinion Filed Feb. 6, 1926.
(242 Pac. 1065.)

M. D. Hartsell, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information, filed in the district court of Muskogee county, January 15, 1924, charges that John H. Brown in said county, "on the 6th day of December, 1923, did knowingly, willfully, unlawfully, wrongfully, and feloniously, and without good cause abandon his wife, Mary Brown and six minor children, under the age of 15 years, to wit: Wanda Brown, Arnold Brown, Glen Brown, Owen Brown, Jeanetta Brown, and John Brown, and has willfully refused and neglected to maintain and provide for his said wife, Mary Brown, and their said children, contrary to." etc.

A trial was had thereunder; the defendant was found guilty as charged in the information, the jury leaving the punishment to the court. Motion for new trial was duly filed and overruled. The court sentenced the defendant to be confined in the state penitentiary for a term of 5 years.

In support of the contention of counsel that the judgment should be reversed, a number of errors are assigned and argued. The first is that the court erred in submitting the case to the jury without first having the defendant arraigned and requiring him to plead to the information.

The record shows that on March 25, 1924, the case was set for trial April 4, 1924; that on said date the

defendant appeared in person and by his attorney, M. D. Hartsell, and, the state and the defendant each having announced ready for trial, thereupon jury was duly impaneled and sworn for the trial of the case. The prosecuting attorney made the opening statement of the case. Mary Brown, the first witness for the state, was called and sworn, thereupon the defendant objected to the introduction of any testimony on the part of the state for the reasons following: That the information does not state facts sufficient to constitute a public offense; "that the defendant herein has never been arraigned, has never entered a plea herein, has never waived formal arraignment herein, and has never waived his right to plead in this action." This objection the court overruled; exception reserved.

Under our Code of Criminal Procedure:

"The only pleading on the part of the defendant is either a demurrer or a plea." Section 2606, C. S. 1921.

"There are three kinds of pleas to an indictment or information. A plea of:

"First. Guilty.

"Second. Not guilty.

"Third. A former judgment of conviction or acquittal of the offense charged, which must be specially pleaded, either with or without the plea of not guilty." Section 2617, Id.

Every plea must be oral, and must be entered upon the minutes of the court. "The plea of not guilty puts in issue every material allegation in the indictment or information." Section 2622, Id.

"The jury having been impaneled and sworn, the trial must proceed in the following order:

"First. If the indictment or information is for a felony, the clerk or county attorney must read it, and

state the plea of the defendant to the jury. In other cases this formality may be dispensed with." Section 2687, Id.

In the absence from the record of the opening statement of the case as made by the county attorney, it will be presumed that he read the information and stated the plea of the defendant to the jury as provided by statute. The record shows that the defendant was represented by competent counsel, that he voluntarily announced himself ready for trial, and that the case was treated as at issue upon a plea of not guilty, and the defendant was accorded every right that he could have availed himself of under the most formal entry of his plea. If the defendant had not been arraigned and did not enter his plea, knowing this formal defect in the record, he took the chance of an acquittal, which would have barred further prosecution. The conviction will have the same effect.

In Martin v. Territory, 14 Okla. 598, 78 P. 88, cited by counsel for the defendant in support of his contention, it is said:

"A defendant, under the statute, has a right to plead to the indictment or accusation. He should be permitted to choose what defense he will make, but the right to do this is conferred upon the defendant for his benefit, and in exercising this privilege he is required to act in good faith. He cannot sit quietly by and say nothing about his failure to plead until after the verdict, and then complain. The necessity of a formal plea to an indictment is not a constitutional requirement, and, while it was a part of the procedure at common law, in this territory, it is statutory, and it is now well settled that a statutory right may be waived even in capital cases. If the defendant had not been permitted to plead, it was his duty to claim the right to plead before going to trial, which he did not do. The jury had been informed in his presence that he had pleaded not guilty, and, after the territory had

introduced its evidence and rested, he introduced his evidence and made his defense the same as though his plea had actually been entered. In the trial he was afforded every opportunity to make his defense, and he saved his exceptions to the rulings of the court on other questions, and claimed all of his legal rights. He had as full and as fair a trial as he could have had if the plea of not guilty had actually been entered. The issue of his guilt or innocence was tried, and he willingly participated in that trial, and is bound by its results. If the defendant had been acquitted, would a court say that the trial was void? Surely not. Neither will the defendant be heard to complain when he has taken advantage of every substantial right. This objection, like the first, is purely technical, and by his own conduct his mouth is sealed."

It is the well-settled doctrine in this state that, where a constitutional right in a criminal cause is largely for the benefit of the accused, or in the nature of a personal privilege, the accused may waive such right. Blair v. State, 4 Okla. Cr. 359, 111 P. 1003; Starr v. State, 5 Okla. Cr. 440, 115 P. 356. The rule is well settled that a defendant by silence may waive the benefit of a statutory provision, and announcing ready for trial and going to trial without objection waives arraignment and plea.

The second assignment is that the court erred in overruling the objection of the defendant to the introduction of testimony on the part of the state, for the reason that the information is duplicitous, in that it attempts to charge more than one offense. It is urged that the statute creates the crime of wife abandonment, also creates the crime of child abandonment, and that the abandonment of either would be a separate and distinct crime under the state; that, if the information here charges a crime at all, it charges two.

The function of a demurrer which was not resorted

to by the defendant is to defeat the information without a trial, whenever it appears upon the face thereof that it is subject to one or more of the five objections named in the statute. Code of Crim. Proc. section 2608, C. S. 1921. These objections can be taken only by demurrer, except:

"That the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." Id. § 2616.

It follows that the question is not presented by the record. However, we are of the opinion that there is no merit in this contention. The rule is well settled that, when a statute makes it an offense to do some one or another act, naming them disjunctively, either of which would constitute one and the same offense, and amenable to the same punishment, all the acts may be charged conjunctively in the one count as constituting a single offense.

The next assignment is that the court erred in overruling the defendant's objection to the introduction of testimony, because the facts stated do not constitute a public offense, and it is urged that the failure to allege that the said abandonment had taken place at a time that the said wife and children were in a necessitous and destitute condition is a fatal defect.

By numerous decisions of this court it is held that, when a defendant enters his plea of not guilty and waits until after the jury has been impaneled and sworn, and then for the first time questions the sufficiency of the evidence by objection to the introduction of testimony on the ground of such insufficiency, the objection should be overruled, if in any reasonable construction or intendment the information can be sus-

tained. White v. State, 4 Okla. Cr. 143, 111 P. 1010;
Edwards v. State, 5 Okla. Cr. 20, 113 P. 214; Wilsford
v. State, 8 Okla. Cr. 535, 129 P. 80; McGill v. State,
16 Okla. Cr. 657, 185 P. 530; State v. Underwood, 17
Okla. Cr. 443, 190 P. 281.

Our Code of Criminal Procedure provides:

"No indictment or information is insufficient, nor
can the trial, judgment, or other proceedings thereon
be affected, by reason of a defect or imperfection in
the matter of form which does not tend to the prej-
udice of the substantial rights of the defendant upon
the merits." Section 2564, C. S. 1921.

It also appears from the record that the defendant
failed to challenge the sufficiency of the information
after verdict by a motion in arrest of judgment. In
our opinion the information sufficiently charges the
offense of abandonment of wife and children as de-
fined by section 2, c. 78, Session Laws 1923. For the
reasons stated, the defendant's objections as interposed
at the commencement of the trial were properly over-
ruled.

Exceptions were taken to rulings of the court in
the admission of testimony in rebuttal, tending to show
that the defendant, after the alleged abandonment,
lived with and supported another woman at several
places in Muskogee county. We think, in view of the
fact that the defendant attempted to justify his con-
duct in testifying that it took nearly all the money he
could earn to pay his board, this testimony was compe-
tent and properly admitted.

We have carefully reviewed the remaining as-
signments of error, and we are convinced that none
of them are well taken. We see no reason to doubt
that this conviction was justified by the evidence, and

in our opinion the law has been vindicated in the judgment.

It is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.