## LEE McDERMOTT v. STATE.

No. A-5226.  Opinion Filed Oct. 23, 1926.
Rehearing Denied Dec. 4, 1926.
(250 Pac. 810.)

M. D. Hartsell, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county on a charge of wife abandonment and sentenced to serve a term of one year in the state penitentiary.

The record discloses that on June 25, 1923, the defendant, who was 20 years of age, married Ruby Newman, who was just under the age of 16; 4½ months later she gave birth to a child. We gather from the record that the marriage was in settlement of a criminal prosecution against the defendant, but whether seduction or rape does not appear. Immediately after the marriage ceremony, the defendant gave his wife $2 in money, told her to get a taxi and go home, and he would be down there. She thereupon returned to her parents, and defendant left Muskogee and was gone for some six months, during which time he did not communicate with his wife nor contribute anything to her support. He explains his directions to her to go home by saying that he expected her to go to his parents' house, but it is shown that the wife had never met his parents and that they had never communicated with her. During the six-month period that defendant was absent, his wife was assisted by the United Charities Organization of Muskogee.

The charge was based upon section 1856, Comp. Stat. 1921, as amended by section 2, c. 78, of the Session Laws of 1923, which reads as follows:

"Section 1856. Every person who shall without good cause abandon his wife in destitute or necessitous circumstances and neglect and refuse to maintain or provide for her, or who shall abandon his or her minor child or children under the age of fifteen years and

willfully neglect or refuse to maintain or provide for such child or children, shall be deemed guilty of a felony and upon conviction thereof, shall be punished by imprisonment in the state penitentiary for any period of time not less than one year or more than ten years."

The information charges:

" * * * That Lee McDermott did * * * commit the crime of wife abandonment in the manner and form as follows, to wit, that the said Lee McDermott, in the county and state aforesaid, on the 25th day of June, 1923, did knowingly, willfully, unlawfully, wrongfully, and feloniously and without good cause abandon his wife, Ruby McDermott, and ever since said date has refused and neglected to maintain and provide for her. * * *"

No demurrer was interposed to this information, but upon the opening of the trial for the taking of testimony defendant objected for the reason the informotion failed to state sufficient facts. It will be observed that the information does not allege that the wife was in "destitute or necessitous circumstances" at the time of the abandonment, and it is contended for that reason it lacks an essential allegation; that the necessitous or destitute circumstances is the foundation of the crime of wife abandonment, citing 22 Cyc. 326; Tucker v. State, 8 Okla. Cr. 428, 128 P. 313; Seay v. State, 29 Okla. Cr. 189, 233 P. 766, and various other authorities.

It has been frequently held by this court that where a defendant goes to trial without demurring to the indictment or information and objects for the first time when the state offers testimony, the objection should be overruled, if by any intendment or presumption the pleading can be sustained. Edwards v. State, 5 Okla. Cr. 20, 113 P. 214; McDaniel v. State, 8 Okla.

Cr. 209, 127 P. 358; Wilsford v. State, 8 Okla. Cr. 535, 129 P. 80; Clark v. State, 11 Okla. Cr. 494, 148 P. 676; Ralston et al. v. State, 16 Okla. Cr. 634, 185 P. 831; section 2822, Comp. Stat. 1921.

Under this well-established rule, does the information by any intendment or inference charge the offense of abandonment of the wife in destitute or necessitous circumstances and sufficiently apprise the defendant of the charge against him? If it does, it should be upheld. The information charges that the abandonment was willful, unlawful, wrongful, and felonious, and without good cause. The abandonment could not be unlawful nor felonious unless in violation of the statute. It is not in violation of the statute unless the wife at the time of the abandonment was in destitute or necessitous circumstances. The information is defective; a slight examination of the statute would have suggested including in the information the allegations omitted, but certainly if this defect in the information had been challenged by demurrer and the attention of the trial court called to it, the demurrer would have been sustained and the information amended. The complaint was not filed until the 11th day of December, 1923. The case was not tried until May 31, 1924. That the wife was in destitute and necessitous circumstances was not a controverted question at the trial. The evidence abundantly proves that fact, and the defendant has not been prejudiced. The defendant not having seen fit to challenge the information by demurrer, we must conclude, liberally construing the allegations, that by intendment and inference the information is sufficient to overcome an objection to the introduction of evidence.

Defendant also contends that there is no sufficient proof of venue, and that there is no evidence that the

abandonment or failure to provide for the wife took place in Muskogee county. We do not so read the record. The evidence is that the marriage took place in the courthouse in Muskogee county; that immediately after the ceremony the wife was sent home; that defendant did not communicate with her nor make any provisions for her support for more than six months. It is not necessary that during this time he should remain in Muskogee county in order to fix the venue there. Nor is it necessary that we hold that the venue is in the county where the duty is owing. This has been held in the courts of several of the states under similar statutes; but a determination of that question is not necessary here. Ex parte Brennen, 43 Nev. 165, 183 P. 310; Commonwealth v. Acker, 197 Mass. 91, 83 N. E. 312, 125 Am. St. Rep. 328; Bull v. State, 80 Ga. 704, 6 S. E. 179.

It is clear to us that where a defendant in a criminal case i norder to abate the prosecution marries the prosecuting witness and immediately abandons her in the county where both reside and where the marriage took place, that the venue of a prosecution for such abandonment is in the county where the wife is deserted.

Other contentions are presented that the court permitted the introduction of incompetent evidence, which objection is directed to evidence that the prosecution was held in abeyance in an effort to have the defendant provide for his wife and the making of an agreement and the failure of defendant to abide by it. This evidence was admissible as going to the good faith of defendant. Since the statute is remedial as well as penal, it was proper for the prosecuting officers to suspend the prosecution in the event defendant should provide for his said wife.

Error is also assigned in the state's argument to the jury. All of the argument is not incorporated. We find nothing in the argument set out that is materially prejudicial or which calls for a reversal.

-    The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.