## VIRGIL KNIGHT v. STATE.

No. A-7572.  Opinion Filed Sept. 6, 1930.
Rehearing Denied Sept. 20, 1930.
(291 Pac. 142.)

Darnell & LaRue, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error was convicted in the county court of Custer county of the unlawful transportation of intoxicating liquor, to wit, about one pint of whisky, and his punishment fixed at a fine of $250 and confinement in the county jail for a period of 60 days.

The defendant contends first that the information fails to charge facts sufficient to constitute an offense; the charging part of which reads as follows:

"On the 21st day of October, in the years of our Lord one thousand nine hundred and twenty-eight (1928), at and within the said county and state, did then and there unlawfully, willfully, intentionally and knowingly transfer and convey certain prohibited liquors, to-wit; about one half pint of whisky in a pint and half pint bottle, in an automobile, from a place in the State of Oklahoma to affiant unknown to another place, to-wit; a point on the section line between sections 23 and 26, township 12, range 7, W.

I. M. in Custer county, Oklahoma, to an unknown point between said sections 23 and 26, contrary to the form of the statute," etc.

After the jury had been impaneled and sworn, the defendant for the first time raised the question of the sufficiency of the information by an objection to the introduction of evidence in the case, for the reason that said information did not charge an offense under the laws of the state of Oklahoma.

In Warren v. State, 24 Okla. Cr. 6, 215 Pac. 635, this court said:

"The true test of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet."

Where defendant goes to trial and for the first time objects to the information or indictment when the state attempts to introduce testimony thereunder, the objection should be overruled if by any intendment or presumption the information or indictment can be sustained. Wilsford v. State, 8 Okla. Cr.. 535, 129 Pac. 80; Brashears v. State, 38 Okla. Cr. 175, 259 Pac. 665; Chamberlain v. State, 42 Okla. Cr. 410, 276 Pac. 507.

The charging part of the information in the case at bar is not a model one, but was sufficient under the authorities cited herein to put the defendant upon trial.

The other errors complained of by the defendant being likewise without merit, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.