## JERRY HENDERSON v. STATE.

No. A-8098.   Dec. 17, 1931.
(6 Pac. [2d] 15.)

Ira A. Hill and Guy D. Talbot, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Alfalfa county of using obscene and threatening language in the presence of another, and was sentenced to serve a term of 10 days in the county jail and to pay a fine of $80.

The information, under section 2005, Comp. Stat. 1921, charges:

"* * * Did then and there unlawfully, willfully and wrongfully utter loud, obscene and threatening language and insulting words in the presence and hearing of one S. E. Howard, which language and words were calculated to arouse to anger the said S. E. Howard.* * *"

No demurrer was interposed to the information, but at the beginning of the trial defendant objected to the in-

troduction of any evidence for the reason the information did not state facts sufficient to constitute a public offense. The testimony is that at the time charged defendant was accosted by S. E. Howard, who was city marshal of Aline, in front of a cafe, where defendant was or had been creating a disturbance. Defendant then became abusive and belligerent, and applied to Howard the opprobrious epithet of "son of a bitch," and threatened to assault him, and as Howard went away to call the sheriff, defendant followed him and continued the use of abusive language. Defendant did not take the stand, and offered no testimony.

It is argued the information is defective in failing to set out the language used and that the allegation is a mere conclusion, citing sections 2555 and 2556, Comp. Stat. 1921, and authorities. The cases cited are to the general effect that, in charging an offense, the description of the acts alleged to constitute the crime must be set out with such particularity as to acquaint the accused with the particular offense against which he is to defend. These cases state the sound rule of law, but it is equally well settled that, where a defendant charged with an offense does not interpose a demurrer, but for the first time objects to the information when the state attempts to introduce testimony, the objection should be overruled, if by any intendment or presumption the information can be sustained. True, the information does not set out the language alleged to be obscene and threatening, but, in the absence of a demurrer before the state offers testimony, defendant must be held to have waived any more specific allegation, and, indulging the intendments and presumptions, the information is sufficient to withstand an introduction of evidence. McDermott v. State, 35 Okla. Cr. 416, 250 Pac. 810.

It is also argued that the state was permitted to offer proof of two different offenses, one in front of the cafe and another at a filling station. As stated, the conversation which began in front of the cafe, and was continued with some interruption at a filling station, was all in one transaction, and only one prosecution would lie, and the state is not required to elect upon what part of the conversation it would rely for a conviction. There is no question of guilt of defendant. The trial was fairly conducted, and no reason is made to appear why this court should interfere with the judgment.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.