## JUANITA WEITZ v. STATE.

No. A-9693.   July 3, 1940.
(104 P. 2d 445.)

C. B. Leedy, of Arnett, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant Juanita Weitz was by information charged in the county court of Ellis county on April 13, 1939, with the offense of using profane and abusive language; was tried, convicted, and adjudged to pay a fine of $25 and costs, from which judgment and conviction she appeals to this court.

The defendant contends:

(1) That there is not sufficient competent evidence to warrant or sustain a conviction; and that the evidence of the state is very unsatisfactory and uncertain.

(2) Error is predicated in this cause upon the contention that prejudicial evidence was injected into the record by the state, which prevented the defendant from having a fair impartial trial.

The information, in part, reads as follows:

"She the said Juanita Weitz made use of the following language among other, 'You God Damned snooping son of a bitch,' which language was by her the said Juanita Weitz addressed to him the said Luther Elmore and was designed and calculated to arouse to anger the said Luther Elmore and to provoke and assault on his part.* * *"

Luther Elmore, the prosecuting witness, testified in part as follows:

"A. Well, she said something about me being a snooping son of a bitch. A. Well, she called me all kinds of names and everything that she could think of. A. Well, she said I was a God damn liar. A. She said she was going to shoot my God damn ass off. Q. Now, Mr. Elmore, I will ask you to state or give the exact words that Mrs. Weitz said to you on that occasion. Did she or did she not call you a God damn snooping son of a bitch? A. It is."

The prosecuting witness further testified that "They were giving it to me about messing in their liquor business, she kept swearing and taking on."

The other witnesses for the state denied that they heard any abusive language used by the defendant.

Juanita Weitz, the defendant, stated:

"He asked me what I wanted with him, and I told him I wanted him to quit haunting me; and he reached over and

patted me on the leg and said, 'Now, Honey, you know I wouldn't bother you;' and I said, 'You darn son of a gun, you get your hands off of me, I want you to leave me alone.' "

The defendant denied using abusive language; and her husband stated that she did no swearing after he came to the car when he saw the prosecuting witness get in.

This action was brought under section 1988, O.S. 1931, 21 Okla. St. Ann. § 1363, which reads as follows:

"If any person shall make use of any profane, violent, abusive or insulting language toward or about another person, in the presence or hearing, which language, in its common acceptation, is calculated to arouse to anger the person about or to whom it is spoken or addressed, or to cause a breach of the peace or an assault, every such person shall be deemed guilty of a breach of the peace, and, upon conviction thereof, shall be punished by a fine in any sum not to exceed $100, or by imprisonment in the county jail not to exceed thirty days, or by both such fine and imprisonment, at the discretion of the court or jury trying the same."

The evidence of the state is not very persuasive; however, weak as it is, it was sufficient to go to the jury, since there was positive, even though hesitant, testimony supporting the allegations in the information.

It is stated in 48 A.L.R. at page 92:

"* * * Whether the language alleged to have been used by the defendant was profane and calculated to arouse the anger of a person to whom it was addressed, and provoke a breach of the peace, depends upon the relation of the parties, the circumstances under which the language was used, and the manner of the speaker, which are all questions of fact for the jury to determine."

In Smith v. State, 44 Okla. Cr. 254, 280 P. 317, this court held:

"Where there is any competent evidence, reasonably tending to sustain the allegations of the information, the court should not sustain a demurrer to the evidence."

The court, thus, did not err in refusing to sustain the defendant's demurrer to the evidence.

In Jackson v. State, 42 Okla. Cr. 86, 274 P. 696, it was stated:

"The jury are the exclusive judges of the credibility of the witnesses, and this court will not reverse a conviction where there is any evidence in the record from which the jury could legitimately draw the conclusion that the defendant is guilty." Summers v. State, 7 Okla. Cr. 10, 120 P. 1031; State v. Duerksen, 8 Okla. Cr. 601, 129 P. 881, 52 L.R.A., N.S., 1013; Maggard v. State, 9 Okla. Cr. 236, 131 P. 549; Nowlin v. State, 7 Okla. Cr. 27, 115 P. 625, 121 P. 791.

However, in the cross-examination of the defendant, the county attorney asked many prejudicial and insinuating questions (which defendant denied), which questions were not competent for any purpose. The following are the most blatant:

"Q. Have you gone on parties with any other man since last November? Q. Have you been in a habit of going to the home of single men in Shattuck? Q. Have you ever gone to the home of any single man alone in the town of Shattuck? Q. Do you recall of going to the home of a certain single man in Shattuck, about January or February of this year?"

The trial judge should not have allowed this kind of an examination to have been held, as those matters, whether true or false, had no bearing whatsoever upon the issues in this case. It is assumed that the county attorney was not in possession of facts to support these statements, as no evidence was offered by him in support of these questions.

In Klaasen v. State, 39 Okla. Cr. 402, 266 P. 495, this court held:

"It is error for the county attorney in the cross-examination of the defendant to ask impeaching questions which tend to prejudice the defendant's rights, unless he follows such questions up by evidence to establish the facts contained in the questions propounded to the defendant." See, also, Appleby v. State, 11 Okla. Cr. 284, 146 P. 228; Watson v. State, 7 Okla. Cr. 590, 124 P. 1101.

The following language is used in Cook v. State, 36 Okla. Cr. 285, 253 P. 1029, 1031:

"It is an abuse of judicial discretion to allow questions to a witness which are manifestly calculated to create prejudice in the minds of the jury against the witness, and, if he be the defendant, influence them to find against him because of such prejudice."

There was a sharp conflict of evidence in this case. The court allowed both parties to ask questions which were wholly immaterial to the issues. Because of the decided conflict in the testimony, this court is of the opinion that the questions above set forth were of such a nature as to be prejudicial to the rights of the defendant, and that without the aid of such prejudicial and inferential questions the defendant would not have been convicted.

The cause is reversed and remanded to the trial court, with instructions that the defendant be granted a new trial.

DOYLE, P. J., and BAREFOOT, J., concur.