## DELBERT NEWTON HEALD v. STATE.

No. A-10212.    Jan. 12, 1944.

(145 P. 2d 206.)

Melton, McElroy & Vaughn, of Chickasha, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Delbert Newton Heald, was charged by information filed in the county court of Grady county with the crime of driving an automobile on

the public highway while under the influence of intoxicating liquor, a jury was waived, the defendant was tried to the court, found guilty and sentenced to pay a fine of $75, and has appealed.

The sole contention of defendant is that the evidence was wholly insufficient to establish as a fact that the defendant, at the time set forth in the information, was driving an automobile while under the influence of intoxicating liquor.

The defendant testified in his own behalf and admitted driving the pick-up truck as alleged in the information and having a slight collision with another automobile parked near a tavern south of the city of Chickasha on the public highway. The defendant specifically denied that at the time he was driving the automobile that he was under the influence of intoxicating liquor, but testifies that he had eaten his supper at the tavern and then had gone with a friend a short way down the road and there had drunk a pint of whisky. That within less than two minutes after he had drunk most of the pint of liquor, the collision occurred. That it occurred so quickly after he had drunk the liquor that it had not had time to have affected him, although he admits that by the time the officers arrived several minutes later he was in a very intoxicated condition.

A man and woman were sitting in the parked automobile which was struck in the rear by defendant's pick-up. The woman testified that the defendant drove his pick-up into the back end of the car in which they were sitting. She further testified that the defendant immediately got into an argument with the owner of the car in which she was sitting and used loud language and curse words. That she could smell intoxicating liquor on his

breath. That his words "were very much run together." That when he saw her he attempted to put his arm around her and that in her opinion he was under the influence of intoxicating liquor.

Most of the other witnesses were police officers or highway patrolmen who arrived at the scene of the collision from approximately 15 to 30 minutes after the collision occurred. All of their testimony was to the effect that defendant, at the time they saw him, was intoxicated. That he admitted driving the car and he was taken to jail that night.

We refer to the testimony of Jim Brockman, highway patrolman, as being typical of the testimony given by the officers as to defendant's condition. A portion of his testimony is as follows:

"Q. What is your opinion, Mr. Brockman, as to whether or not at the time you saw Mr. Heald he was or was not under the influence of intoxicating liquor? A. He was under the influence of liquor. Q. Upon what facts do you base that statement? A. A strong alcoholic odor was very noticeable on his breath. His clothing and hair were disarranged and he had a mark on his face that looked like he had been in a scuffle or fight. Q. What was the condition of his eyes? A. They were noticeably bloodshot. Q. What about his manner of speech? A. His speech was rather thick and incoherent at the time I talked to him. Q. And in addition to his eyes being bloodshot, were they glassy? A. They had all the appearance of the eyes of a drunk man."

Although the damage caused in the collision was inconsequential and there is some testimony indicating that if defendant had paid for the slight damage done to the car of complainant the officers would not have been called, there still remains abundant evidence to sustain the conviction. The defense interposed was very ingenious, but

evidently not convincing to the trial court. A jury being waived, the judgment of the trial court upon a disputed question of fact, where there is competent evidence to support his finding, will be entitled to the same weight on appeal as the verdict of a jury.

The judgment and sentence of the county court of Grady county is accordingly affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.