## MONAHAN v. STATE.

No. A-11620. April 16, 1952.

(243 P. 2d 744.)

W. C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error, Frank P. Monahan, defendant below, was charged in the court of common pleas in Tulsa county, Oklahoma, with the crime of driving a motor vehicle on the public highways of said county while under the influence of intoxicating liquor. The defendant entered a plea of not guilty, waived a jury, was tried by the trial court, found guilty, and his punishment fixed at $100 fine and costs; and judgment and sentence was entered accordingly.

Before this case was tried the defendant made no attack whatsoever upon the information under which the charge was laid, either by motion to quash or by demurrer. When the case came on for trial the defendant objected to the introduction of evidence on the ground that the information was insufficient "to state a charge" against him. This objection was particularly predicated upon the proposition that the information after stating the defendant did unlawfully, etc., "drive and operate" a certain described automobile "over and upon the public highways in the county Tulsa, to wit, East 21st and Peoria, while under the influence of intoxicating liquor", etc. The defendant contends that such description of the place was insufficient in that under the information the corner of 21st and Peoria could be in any town or city in Tulsa county. The foregoing contention presents the sole and only ground for reversal.

Herein no attack was made as to the sufficiency of the information, until the parties to the prosecution had proceeded to trial. Under the provisions of Title 22, § 504, O. S. A. 1941 and O. S. 1951, among other things therein set out:

"The defendant may demur to the indictment or information when it appears upon the face thereof either: * * *. 4. That the facts stated do not constitute a public offense. * *"

The relief made available in the foregoing section was not resorted to by the defendant in the case at bar. In this connection, in Jennings v. State, 92 Okla. Cr. 347, 223 P. 2d 562, we quoted with approval from Gibson v. State, 85 Okla. Cr. 228, 186 P. 2d 667, as follows:

" 'By a long line of decisions, it has been held that where the information has not been challenged by demurrer or motion to quash, and defendant pleads to the information and goes to trial, any objection to the sufficiency of the information should be overruled if by any intendment, inference or presumption it can be sustained. . Edwards. v. State, 5 Okla. Cr. 20, 113 P. 214; Ex parte Spencer, 7 Okla. Cr. 113, 122 P. 557; Brown v. State, 33 Okla. Cr. 217, 242 P. 1065; Chamberlain v. State, 42 Okla. Cr. 410, 276 P. 507; Knight v. State, 48 Okla. Cr. 335, 291 P. 142; Smith v. State, 79 Okla. Cr. 151, 152 P. 2d 279. * * ' "

In Smith v. State, 79 Okla. Cr. 151, 152 P. 2d 279, 280, we said:

"The true test of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet."

To the same effect is Clasby v. State, 78 Okla. Cr. 45, 143 P. 2d 430. As was said in Jennings v. State, supra, any objection to the sufficiency of the information should be overruled if by any intendment, inference, or presumption, it can be sustained. This court is committed to the view of placing a liberal interpretation on informations and sustaining them where it alleges the essential elements of the offense sufficiently to apprise the defendant of what he must be prepared to meet. Hulsey v. State, 86 Okla. Cr. 273, 192 P. 2d 301; Vincent v. State, 75 Okla. Cr. 128, 129 P. 2d 214. Under the provisions of Title 47, § 93, O. S. A. 1941 and O. S. 1951, it is unlawful for any person while (a) under the influence of intoxicating liquor, (b) to operate or drive a motor vehicle, (c) on any highway within this state. The information in this case clearly alleged the essential elements of the crime and further identified the defendant with the commission of the crime and alleged that it was committed "unlawfully, wilfully and knowingly". The information moreover contained the allegation that the crime of driving the said motor vehicle while under the influence of intoxicating liquor was committed in Tulsa county, on a public highway, which was sufficient to invoke the jurisdiction of the trial court. Thus charging the essential elements of the crime of driving a motor vehicle while under the influence of intoxicating liquor in Tulsa county the information was sufficient to apprise the defendant of the charge against him. An examination of the case-made discloses that the defendant in the instant case could not have been misled by the form of the information, in fact, it clearly appears from his own testimony therein that he was not misled as to the charge against him, or the place of its commission. He testified in detail in relation thereto as to the commission of the offense and to the effect that he was going west on 21st street from Lewis down to Peoria. Under these conditions the defendant was able to prepare his defense, and the charge as laid in the information was sufficient for him to plead a conviction in bar against some subsequent prosecution for the same offense. This contention is therefore without·merit.

JONES and POWELL, JJ., concur.