## PARKS v. STATE.
### No. A–11952.

Criminal Court of Appeals of Oklahoma.

May 5, 1954.

Odes Harwood, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Ilanders Parks has appealed by transcript from the district court of Oklahoma County, wherein he was convicted of the crime of grand larceny, and judgment was entered sentencing him to serve one year in the State Penitentiary at McAlester.

The transcript discloses that on September 18, 1952 an information was filed in said court jointly charging one Jerome Munford and Ilanders Parks with the crime of larceny, alleged to have been committed in Oklahoma County on July 31, 1952. Ilanders Parks was tried separately from his co-defendant. The charging part of the information reads:

"That is to say, the said defendants, acting conjointly and together, in the

county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully and feloniously take, steal and carry away by stealth and fraud, from the possession of W. G. Marr, employee of the Lone Star Grocery Store, in Oklahoma City, Oklahoma County, and without the knowledge and consent of the owner thereof, *$61.50 in good and lawful money of the United States of America, and the personal property of J. F. Semtner,* the said taking, stealing and carrying away of said property on the part of the said defendants was with the unlawful, wrongful and felonious intent to appropriate the same to their own use and benefit, and to deprive the said rightful owner permanently thereof * * *." [Emphasis supplied.]

When the case came on for trial, trial by jury was waived. After hearing the evidence, the court found the defendant guilty of grand larceny and set the date for sentencing for December 12, 1952, and action was taken as heretofore set out.

The sole assignment of error raised by the within appeal is that the information fails to charge an offense.

It is claimed that the information did not sufficiently describe the money stolen; that is, it seems from the brief filed, that defendant contends that he was entitled to know just what kind of money he was charged with stealing—whether coin, or paper money (silver certificates) or one or both, and the amount of each.

Counsel cites in support of his contention the Kansas case of State v. Tilney, 1888, 38 Kan. 714, 17 P. 606 and cases cited therein, wherein the Kansas Court said:

"An information for larceny, where the only description of the property stolen is 'national bank notes, United States treasury notes, and United States silver certificates, money, of the amount and value of one thousand dollars,' without any allegation of the inability of the prosecutor to give a more specific description, is insufficient, and will be held bad on an objection seasonably made."

A reading of the Tilney case will at once disclose that it is not applicable here, for two reasons. First, in the within case, even if the deficiencies alleged by appellant found basis for support in our decisions and statutory provisions, thereby being in accordance with the reasoning in the cited cases, still, in the within case no demurrer was interposed to the information, and in fact the question of the sufficiency of the allegations as to the kind, number and denominations of the coins and silver certificates was not in any manner raised in the trial court, and it is noted that the petition in error filed herein does not properly raise the specification of error set out in the brief. Under the doctrine of the Tilney case, and the cases cited therein, it is necessary to raise the question as to the sufficiency of an information, including a question as here raised, in the trial court. It is pointed out that in State v. Henry, 24 Kan. 457, the charge was considered to be very indefinite and defective, but the court held that the defendant was too late with his objection, after trial; that he could not take chances of an acquittal upon the merits of the action, and then object to the information for not stating the offense in as definite terms as might have been done. And in Monahan v. State, Okl.Cr., 243 P.2d 744, 745, in syllabus 1 we said:

"Where the information has not been challenged by demurrer or motion to quash, and defendant pleads to the information and goes to trial, any objection to the sufficiency of the information should be overruled if by any intendment, inference or presumption, it can be sustained."

The second reason the contention of defendant cannot prevail, is by reason of certain statutory provisions governing the question raised, and being Tit. 22 O.S.1951 § 425, which provides in part:

"In an indictment or information for the larceny or embezzlement of money, bank notes, certificates of stock or valuable securities; * * * it is sufficient to allege the larceny or embezzlement * * * to be of money, bank notes, certificates of stock or valuable securities, without specifying the coin, number, denomination or kind thereof."

The above statute has been construed by this court in the case of Roach v. State, 46 Okl.Cr. 85, 287 P. 1095, wherein we said:

"Where an information charges the taking of money by robbery, describing the property as 'money, both coin and currency in the approximate amount of $458.00,' the information will be interpreted as alleging current money of the United States, and is sufficient without further description. In such case the court will take judicial knowledge of its value."

And see Price v. State, 9 Okl.Cr. 359, 131 P. 1102; Monahan v. State, supra.

While it is true that the larceny set out in the information in the within case could have been entirely of silver or even pennies, and could have been of both coins and silver certificates, but not silver certificates alone, if such question would have had any bearing on the defense to be interposed it was counsel's duty to have raised the issue prior to and during trial, but this was not done. The appeal must fail.

The judgment of the district court of Oklahoma county is affirmed.

JONES and BRETT, JJ., concur.