## PARKER v. STATE.

No. A-11237.    Dec. 27, 1950.

(225 P. 2d 1031.)

A. O. Manning, Fairview, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Chester Earl Parker, was convicted in the county court of Garfield county of the offense of driving a motor vehicle on the public highway while under the influence of intoxicating liquor and was sentenced to pay a fine of $150 and costs, and has appealed. The single issue presented by the appeal is whether the evidence was sufficient to sustain the conviction.

Two highway patrolmen testified that they observed the car being driven by the defendant about 1 a. m. on Highway No. 81 within the city limits of the city of Enid on August 1, 1948; that twice within a space of a block and one-half the defendant almost collided with oncoming automobiles because defendant was driving on the wrong side of the road; that when defendant finally pulled over to his side of the road the patrol car pulled along side of him and forced him to stop.

Each of the patrolmen testified that when defendant got out of the automobile he staggered and held onto the car and that they found a partially filled bottle of whisky on the floor of the car. Defendant had the odor of whisky on his breath. His eyes were dilated. His face was flushed and he talked like a drunken man.

The proof of the defendant was directly contrary to that of the state. The defendant testified that he was not under the influence of intoxicating liquor at the time of his arrest, and that he did not drink intoxicating liquor. His companion in the automobile with him stated that they had been working on the high line near Billings and had driven to Enid after supper to go to the show; that after the show they went by a dance hall and remain-

ed there until about midnight; that they then went to the Three Towers cafe where they ate a sandwich and drank a cup of coffee before starting on their trip home.

The waitress at the Three Towers cafe testified that she had known defendant for some period of time; that she remembered distinctly serving him on the night of the alleged offense and that he was not intoxicated when she served him.

Some of the neighbors of defendant testified to his good reputation for being honest, dependable and sober.

In rebuttal the former assistant county attorney testified that subsequent to the arrest of the accused that he and his brother were in the office of the county attorney and that defendant then and there told the assistant county attorney that there was no question but what he was intoxicated at the time of his arrest but that he would like to handle his case in such a manner as to not lose his driver's license.

From this summary of the evidence it can be seen that there was a direct conflict in the evidence that was presented to the trial court. There is no question as to the sufficiency of the evidence. The only question is the weight which the trial court chose to give to the evidence of each of the witnesses. Here a jury was waived. In Heald v. State, 78 Okla. Cr. 130, 145 P. 2d 206, this court held:

"Where jury is waived, judgment of trial court upon a disputed question of fact will be sustained on appeal where there is competent evidence in the record to support his finding."

The judgment and sentence of the county court of Garfield county is affirmed.

BRETT and POWELL, JJ., concur.