## MELTON et al. v. STATE.

### No. A–11965.

Criminal Court of Appeals of Oklahoma.

May 26, 1954.

Rehearing Denied July 14, 1954.

George Gay, Oklahoma City, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Elmer Melton and Lonnie Poe were jointly charged in the court of common pleas of Oklahoma County with the illegal possession of intoxicating liquor, and a jury being waived, were tried before the court, found guilty and punishment was assessed as to the defendant Melton at a fine of $100 and confinement in the county jail for thirty days, and as to Lonnie Poe at a fine of $50 and confinement in the county jail for thirty days. The defendants have perfected an appeal.

The gist of complaint is that the court erred in overruling the demurrer interposed to the State's evidence, and that the judgment entered is not sustained by sufficient evidence.

The proof of the State developed that under authority of a search warrant deputy sheriffs Frank Lynch and Larkin Lamb on February 5, 1953 searched a gasoline service station located at 59th and South Eastern, Oklahoma City, shown to have

been owned and operated by the defendant Elmer Melton. When the officers arrived Melton was not present, but the defendant Lonnie Poe was present at the service station. The officers located three pints of tax-paid whiskey in an oil shed-room on the premises, separated from the main building by four or five feet. The defendant Lonnie Poe notified the officers that the liquor belonged to him, and Poe was placed under arrest, and about this time the defendant Melton came up. Melton was not arrested right at that time.

The three pints of liquor were offered in evidence.

The State produced evidence to show that the defendant Melton possessed a retail liquor dealers' stamp issued to him by the United States Treasury Department, effective for the period of July 1, 1952 to June 30, 1953, with the address South East 59th and Eastern Oklahoma City.

This was the State's evidence, and to which the defendants demurred. The demurrer being overruled, the defendant Lonnie Poe testified, and produced one other witness. The defendant Melton did not testify.

The defendant Poe testified that he was at Melton's Service Station on the 5th day of February, 1953 when officers Lynch and Lamb searched it for intoxicating liquor. He stated that when they found the three pints he notified them that the liquor belonged to him. He stated that he had it for his own personal use, and not for the purpose of sale, barter, giving it away or furnishing it to others. When asked what he was doing at the place of business, he stated: "I was just staying around there a little, drawing compensation." He claimed to have received an industrial injury and that he was not employed at the time. He claimed that he was under the care of a physician who had recommended a toddy once in a while. He claimed that Melton did not know that he had brought the liquor on the premises.

On cross-examination defendant Poe admitted that he had previously been convicted of robbery with firearms, and had at one time been convicted in "a whiskey case".

Joe Lord, dairyman living at 69th and South Eastern, testified that on the 5th day of February, 1953 he was at the service station at 59th and South Eastern, Oklahoma City, delivering milk; that Poe rode with him and that he took him to a doctor's office to get some medicine, and then Poe had purchased some whiskey.

Thus the evidence ended, and the court on consideration entered judgment against the defendants, and each of them, as recited.

The defendants cite a long list of cases wholly inapplicable because of the difference in the factual situations in those cases and the present case.

Suffice to say, in the present case, the defendant Melton had been permitting the defendant Poe to stay around his filling station and had apparently left him temporarily in charge at the time the officers arrived. The liquor was not found in a vacant lot, street or field adjoining, but in a portion of the business property— the oil-house. The defendant Melton possessed a current Federal retail liquor dealers' stamp for the address searched. Poe was a convicted violator of the liquor law, and of a felony—robbery with firearms.

■ While the evidence as to Melton was circumstantial, it was sufficiently strong to meet the tests as to circumstantial evidence, and make out a prima facie case as to him. There was more than a quart of whiskey and as to the defendant Poe the court did not believe his statement that he possessed the liquor for his own personal use. The court did believe that Poe was aiding Melton, the man who possessed the Federal retail liquor dealers' stamp, in marketing the contraband.

■ Further, as to the defendant Melton, we have often said that where the State relies for a conviction upon circumstantial evidence and all the facts or circumstances upon which the conviction rests are consistent with, and point to the guilt of the defendant and are inconsistent with any other reasonable hypothesis except the guilt of the defendant, this court will not disturb the verdict on account of the insufficiency of the evidence. Spann v. State, 69 Okl.

Cr. 369, 103 P.2d 389; Rainey v. State, 71 Okl.Cr. 1, 107 P.2d 371.

■ We have also stated that where a jury is waived, judgment of the trial court upon a disputed question of fact will be sustained on appeal where there is competent evidence in the record to support his findings. Parker v. State, 93 Okl.Cr. 163, 225 P.2d 1031; Fowler v. State, Okl.Cr., 257 P.2d 537.

For the reasons stated, the judgments of the court of common pleas of Oklahoma County as to each of the defendants must be and are sustained.

JONES and BRETT, JJ., concur.